IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | 94-32-7 |
| v. | : | |
| | : | |
| WADE KNIGHT | : | |
| | : | |

**MEMORANDUM AND ORDER**

GENE E.K. PRATTER, J.                                                                                           MARCH 20, 2008

      Wade Knight asks the Court to grant him relief from paying restitution ordered as part of the sentence in a 1994 criminal case while he remains incarcerated.  Presently before the Court are Mr. Knight's Motion to Cease Restitution Obligation, Motion for Relief from Judgment Pursuant to Rule 60(b), and two Motions to Modify, all of which seek the same relief.[1]  For the reasons set forth below, the Court will deny the Motions.

**I. Facts**

      On February 2, 1994, the grand jury returned an indictment of Mr. Knight, charging him with conspiracy to interfere with interstate commerce by robbery and with interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951.  On April 13, 1994, Mr.

---

[1] Mr. Knight filed a Motion to Modify on March 29, 2007 (Doc. No. 498).  He then filed an Amended Motion to Modify on November 23, 2007 (Doc. No. 500), explaining that the second motion would "correct the mistakes committed in his first Motion."  Amended Motion to Modify at 1.  Accordingly, the Court considers the March 29, 2007 Motion to Modify (Doc. No. 498) withdrawn and replaced for all purposes by the Amended Motion (Doc. No. 500).

-1-

Knight pleaded guilty to the charges, and on September 12, 1994, the Court sentenced him to 72 months imprisonment and three years of supervised release. The Court also ordered Mr. Knight to pay $100,963.41 in restitution, a $1,000 criminal fine, and a $350 special assessment. Mr. Knight did not appeal his conviction or sentence.

In May 2000, as part of a different prosecution, a jury convicted Mr. Knight of conspiracy to interfere with interstate commerce by robbery and with interfere with interstate commerce by robbery, in violation of 18 U.S.C. § 1951. U.S. v. Knight, E.D. Pa. No. 00-CR-38. The Court sentenced Mr. Knight to 235 months of imprisonment, three years of supervised release, restitution and a special assessment. Mr. Knight timely appealed his conviction, and the Third Circuit Court of Appeals affirmed the conviction and sentence. U.S. v. Knight, 281 F.3d 225 (3d Cir. 2001).

As a result of Mr. Knight's second conviction, the Court revoked the supervised release in his first case and sentenced him to 24 months' imprisonment to run consecutively with the 235-month sentence imposed in the 2000 case. Currently, Mr. Knight is incarcerated at the United States Penitentiary in Atwater, California. Mr. Knight has paid the special assessment in the 1994 case, but has paid only $394 in restitution to date. See, Government's Response in Opposition at 3. Mr. Knight is scheduled for release in May 2019.

Mr. Knight has filed a series of motions seeking relief from paying restitution in his 1994 criminal case. Specifically, he has asked this Court to terminate his restitution obligation, to modify his restitution obligation, and to relieve him of his obligation to pay restitution during the

time he is incarcerated.[2]  These motions follow a lengthy history of failed attempts to seek relief from the payment of the financial penalties imposed in this case.[3]

## II. Discussion

**A. Petition Pursuant to 18 U.S.C. § 3613(b) (Doc. No. 489)**

Mr. Knight filed a Petition Pursuant to 18 U.S.C. § 3613(b) ("Motion 1") (Doc. No. 489) on November 16, 2006.  He seeks relief from the payment of restitution because, he argues, he does not receive sufficient earnings from his prison job.  He asserts that he earns only $5.25 per month working in the prison and receives no outside support from his family or friends.  Motion 1 at 2.  He asks that the Court modify the restitution order to relieve him of his obligation to pay restitution while incarcerated.  Id. at 3.

---

[2] The Court may not treat these motions as petitions under 28 U.S.C. § 2255.  Petitions under §2255 are not available to attack a restitution order because a petition under §2255 must be claiming a right to be released.  See, e.g., Kaminski v. U.S., 339 F.3d 84, 87 (2d Cir. 2003); Cani v. U.S., 331 F.3d 1210, 1213 (11th Cir. 2003).

[3] Two years after sentencing, on September 17, 1996, Mr. Knight filed a *pro se* motion to set aside the payment of the criminal fine until his release from prison (Doc. No. 353) which the Court summarily rejected (Doc. No. 354).  On June 19, 2003, he filed a motion seeking a stay of collection or waiver of the restitution and fine (Doc. No. 463).  The Court denied the motion on July 25, 2003 (Doc. No. 464).  Mr. Knight filed a motion in February 2005 under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence (Doc. No. 466).  The Court denied this motion (Doc. No. 469).  The Court also denied as time-barred and frivolous Mr. Knight's May 23, 2005 petition for relief under Rule 35 (Doc. No. 470) and his May 31, 2005 petition to amend the previous restitution petition (Doc. No. 471).

Further, Mr. Knight has filed numerous motions with the Court and the Third Circuit Court of Appeals challenging his conviction and sentence in his 2000 case.  See, U.S. v. Knight, 2007 U.S. Dist. LEXIS 15702 (3d Cir. June 28, 2007) (detailing Mr. Knight's post-conviction motions and affirming the District Court's denial of his latest post-judgment motion).

The statute pursuant to which Mr. Knight seeks relief, 18 U.S.C. § 3613(b), does not establish a basis upon which this Court can reduce, rescind, suspend or modify the restitution obligation if it were so inclined by Mr. Knight's situation.  The statute provides only that the obligation to pay a criminal fine lasts for 20 years ("The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined.") This provision is made applicable to restitution obligations by 18 U.S.C. § 3613(f).  However, this provision cannot assist Mr. Knight at this time because he was sentenced fewer than 20 years ago and remains incarcerated. Accordingly, the Court will deny the Motion.

**B. "Independent Action" Pursuant to the Saving Clause in Rule 60(b) (Doc. No. 493)**

On January 3, 2007, Mr. Knight filed a document entitled "'Independent Action' Pursuant to the Saving Clause in Rule 60(b), Rules of Civil Procedure, Seeking Relief from This District Court November 21, 2000 Judgment" ("Motion 2") (Doc. No. 493).  Mr. Knight requests that the Court "relieve him from its November 21, 2000 Judgment [sic]" and grant him the authority to present new evidence pertaining to restitution requirements imposed against him in the 1994 case.  Motion 2 at 1-2.  The Government asserts that Mr. Knight's argument is frivolous and should be denied.

Rule 60(b) of the Federal Rules of Civil Procedure is not the proper vehicle to challenge a restitution order in a *criminal* case, and, thus, it does not provide a basis for jurisdiction for this Court.  Rule 60(b) applies only to civil actions and, therefore, cannot provide for relief from a

judgment imposed in a criminal case.  U.S. v. Ortiz, 1997 U.S. Dist. LEXIS 18018, at *2 (E.D. Pa. 1997) ("The Federal Rules of Civil Procedure, including Rule 60(b), may not be used to relieve a party from a final judgment or provide relief from operation of a judgment of conviction or sentence in a criminal case.")  See also, U.S. v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999); U.S. v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); U.S. v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003).

Accordingly, the Court will deny this Motion.

**C. Motions to Modify (Doc. Nos. 499, 500)**

Mr. Knight also has filed related motions seeking modification of his restitution obligation pursuant to 18 U.S.C. § 3664(k).  Specifically, Mr. Knight argues that because he must make restitution payments, he is deprived of "buying health and personal necessities" from the prison commissary and cannot maintain contact with his children and family.  Motion to Modify (Nov. 13, 2007) at 2 ("Motion 4").  See also, Amended Motion to Modify at 2 ("Motion 5").  In addition, Mr. Knight says that he has been placed in "refusal status" by the Federal Bureau of Prisons Financial Responsibility Program because of his inability to pay restitution at a rate of at least $25 per quarter.  Motion 5 at 2.  Mr. Knight earns only $5.25 per month for his prison job. Accordingly, he asks the Court to either terminate or modify his restitution obligation.

Although the time period in which to challenge the validity of the original restitution order imposed by the Court has passed, Congress granted district courts the power to modify restitution orders in certain limited circumstances after a conviction has become final.  Under 18 U.S.C. § 3664(k), a district court may modify a restitution order only based on a "material

change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."  See, U.S. v. Jaffe, 417 F.3d 259, 267 (2d Cir. 2005) (a district court retains jurisdiction to amend or adjust the restitution order if there is any material change in the defendant's economic circumstances.).   Regardless of the change in a defendant's financial situation, though, the Court does not have the authority to waive his restitution obligation entirely.  See, e.g., U.S. v. Millegan, 2007 U.S. Dist. LEXIS 51895, at *5 (D. Md. 2007).

     The Government argues that Mr. Knight's motions do not allege a material change in his economic circumstances that affects his ability to make restitution payments.  The motions state only that Mr. Knight receives limited earnings in prison.  He does not assert that his financial situation has drastically changed during his incarceration.  While providing no additional information, Mr. Knight alleges in conclusory terms that paying $25 from his prison account deprives him of the ability to purchase personal items and to contact family members.  He also asserts that his failure to participate in the Inmate Financial Responsibility Program ("IFRP") has negative consequences. However, these allegations do not establish a material change in Mr. Knight's financial situation.  See, Cani v. U.S., 331 F.3d 1210, 1216 (11th Cir. 2003) (evidence of an inmate's failure to participate in the Inmate Financial Responsibility Program and resulting negative consequences are not evidence of a material change in financial circumstances).

     In U.S. v. Balter, 164 Fed. Appx. 211 (2005), the Third Circuit Court of Appeals addressed a similar claim by a defendant seeking relief from paying his restitution obligations while incarcerated.  The defendant claimed that he was not able to work in prison because of serious medical conditions, including macular degeneration in both eyes and recent heart surgery.  The Court of Appeals held that the defendant had failed to demonstrate a material change in his

economic condition warranting modification of his restitution order. "[H]is inability to generate income via prison work assignments hardly constitutes a material change in his economic circumstances. Moreover, [the defendant] does not allege that his medical conditions will permanently prevent him from earning money through the Inmate Financial Responsibility Program." Id. at 213.

The fact that Mr. Knight is serving a lengthy sentence and receives limited earnings from his prison employment is not a changed circumstance as defined under 18 U.S.C. § 3664(k). Also, Mr. Knight's allegations of non-participation in the IFRP and the resulting negative consequences do not show that his "economic circumstances have changed in any [material] way since the imposition of his sentence, and thus his present financial status is no different from that contemplated by the district court when it imposed the restitution order." Cami, 331 F.3d at 1216. Because Mr. Knight has failed to establish a material change in his financial condition, the Court must deny these Motions except as far as the Government accedes to a partial grant to outline Mr. Knight's obligations in the event he secures more remunerative work within the prison system.

## III. Conclusion

For the reasons discussed above, the Court denies Mr. Knight's Motions, except as noted in the accompanying Order with respect to the Motion at Document No. 499. Mr. Knight has failed to establish a material change in his financial resources as would entitle him to relief under

18 U.S.C. § 3664(k). Accordingly, he should participate in the IFRP and make good faith efforts to pay restitution to his victims in this case.

An appropriate Order consistent with this Memorandum follows.

BY THE COURT:

  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | 94-32-7 |
| v. | : | |
| | : | |
| WADE KNIGHT | : | |

## ORDER

AND NOW, this 20th day of March 2008, upon consideration of Defendant Knight's Motion to Cease Restitution Obligation (Doc. No. 489), Motion for Relief from Judgment Pursuant to Rule 60(b) (Doc. No. 493), Motion to Modify (Doc. No. 499), and Amended Motion to Modify (Doc. No. 500), and the Government's Response thereto (Doc. No. 501), it is hereby ORDERED that Mr. Knight's Motions (Doc. Nos. 489, 493 and 500) are DENIED.[4] Motion to Modify (Doc. No. 499) is DENIED in part and GRANTED in part.

It is further ORDERED that, in accordance with 18 U.S.C. § 3664(k), while incarcerated, Mr. Knight shall pay restitution of not less than $25 per quarter if he does not work in a UNICOR job, or if he is assigned to a UNICOR Grade 5 position. Mr. Knight shall pay not less than 50 percent (50%) of his monthly wages toward restitution if he earns wages through a UNICOR job.

BY THE COURT:

   /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[4] As explained in the accompanying Memorandum of this same date, at note 1, the Motion to Modify (March 29, 2007) (Doc. No. 498) is deemed withdrawn and replaced by the Amended Motion to Modify (Doc. No. 500).